Mr. Roger L. Morgan, Attorney at Law Johnson, Sanders Morgan 701 South Street, P.O. Box 2308 Mountain Home, AR 72654
Dear Mr. Morgan:
As the attorney for the Mountain Home School District, you have requested an Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the school district has received a request under the FOIA to inspect the personnel file of an employee of the school district who has resigned. The employee resigned after having been suspended with pay by the district.
You have taken the position that the requested records should not be released. You indicate that this determination is based on the view that a resignation does not constitute a "final administrative resolution" of the suspension, within the meaning of A.C.A. § 25-19-105(c)(1). You also cite various sections of the Teacher Fair Dismissal Act (A.C.A. §6-17-1501 et seq.) as support for your position.
I am directed by law to issue an opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B)(i).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of the records that have been requested. For this reason, I cannot opine definitively concerning the release of any particular record. Nevertheless, I can state as a general matter that under the circumstances you have described, the types of records that are typically maintained in employees' personnel files are usually releasable under these circumstances (with certain exceptions, discussed below). Accordingly, it is my opinion that your determination that the requested records should not be released is generally not consistent with the FOIA.
The records that are contained in "personnel files" usually fall into one of two categories: (1) "Personnel records" within the meaning of the FOIA; or (2) "Employee evaluation/job performance records" within the meaning of the FOIA. It will be important for you to distinguish between the two, because their release is governed by different standards. The standard involving the administrative resolution of a suspension or termination, which you have mentioned, is applicable only to "employee evaluation/job performance records." I will discuss that standard below. First, though, I will discuss the standard that is applicable to "personnel records," because it is likely that many of the records that are maintained in the requested file constitute personnel records.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they pertain. A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The question of whether a "clearly unwarranted invasion of personal privacy" will occur is a question of fact that the custodian of the records must determine. See
Op. Att'y Gen. No. 2001-101. If the custodian determines factually, upon the basis of the balancing test, that the release of any of the requested personnel records would constitute a clearly unwarranted invasion of the individual's personal privacy, the records should not be released.
However, you should note that the courts have found relatively little privacy interest in such matters as salary records, employee contracts, names, dates and places of birth, training or educational background, and work experience. See, e.g., Kruzon v. Department of Health HumanServices, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980). On the other hand, there is authority for withholding information such as home addresses, telephone numbers, information about family members, and information about insurance coverage under the appropriate factual circumstances. In Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998), the Arkansas Supreme Court upheld a custodian's decision to withhold from release certain police officers' home addresses. In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest and concluded that the privacy interest outweighed the public interest. In reaching this conclusion, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. The same reasoning might apply to a public school employee — particularly if this employee is a teacher.
On the other hand, you should be aware that I have consistently taken the position that the public generally has a heightened interest in records reflecting the conduct of public school teachers during school hours, during school events, and on school property. See, e.g., Op. Att'y Gen. No. 2001-142; 2001-144; 2001-148; 2001-153; 2001-151; 2001-150. This interest will be further heightened, in my opinion, where students are impacted. Id.
You should note, additionally, that if a record is generally releasable, but contains an item of private information, or information that falls within one of the other specific exemptions, see A.C.A. § 25-19-105, the private information should be redacted before the record is released. A.C.A. § 25-19-105(f)(2). Information that is required under other laws to be kept private should also be redacted. An example of such information is the employee's social security number. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act").
Employee Evaluation/Job Performance Records
Some of the records maintained in the requested personnel file will likely constitute "employee evaluation/job performance records," within the meaning of the FOIA. Again, the FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No.2000-242.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It should be noted that the presupposition of the above-stated test is that there was a suspension or termination. You indicate that the employee in question was suspended. However, you take the position that because the employee resigned, there was no "final administrative resolution" of that suspension. It is my opinion that a subsequent resignation has no impact on the question of whether there has been a final administrative resolution of a suspension.
The requirement of a "final administrative resolution" of a suspension (or termination) is intended to allow time for the employee to appeal the employer's decision to suspend (or terminate). Watkins, The ArkansasFreedom of Information Act (3rd Ed., 1998), at 144-45. If the employee appeals the decision administratively, that employee's evaluation/job performance records cannot be released unless and until an administrative decision upholding the suspension (or termination) has been rendered. A "final administrative resolution" has occurred when the decision to suspend (or terminate) has been upheld, or when the time for appeal has passed. At that time, there has been a "final administrative resolution" of the suspension (or termination). See Ops. Att'y Gen. Nos. 99-361; 99-359; 98-006; Watkins, supra. A subsequent resignation by an employee who has been suspended has no impact on the issue of whether there has been a final administrative resolution of that employee's suspension.
You suggest that certain provisions of the Fair Teacher Dismissal Act (A.C.A. § 6-17-1501 et seq.) support your view that the subsequent resignation should impact the question of whether there has been a final administrative resolution of the suspension decision. In particular, you cite the following sections of that act: A.C.A. § 6-17-1505, 1506, 1508, 1509, and 1510. You point out that a resignation is not mentioned in these sections as a final administrative resolution of a suspension, and that a resignation is a voluntary act of the employee, rather than an administrative act. These provisions of the Fair Teacher Dismissal Act set forth the procedures that must be followed in suspending or terminating public school teachers; they do not address the issue of whether a teacher's subsequent resignation has any impact on a previous decision to suspend, for purposes of the release of records under the FOIA. These sections therefore do not have the effect that you have suggested.
Accordingly, under the circumstances you have described, it is my opinion that if the employee in question did not appeal the suspension decision, and the time period for appeal has passed (or if the employee did appeal and the suspension decision was upheld), there was a "final administrative decision" of the suspension decision, and the first condition for the release of that employee's evaluation/job performance records has been satisfied.
The question of whether the other two conditions for the release of the employee's evaluation/job performance records have been satisfied is a question of fact that the custodian of the records must determine. The issue of whether the requested records formed a basis for the suspension is generally interpreted to mean that the records in question reflect or detail the incidents or conduct that led to the suspension. See, e.g.,
Op. Att'y Gen. No. 2001-144. The issue of whether there is a compelling public interest in the records can be impacted, as noted previously, by the position of the employee in question. I have consistently opined that the public has a particularly compelling interest in the conduct of public school teachers during school hours, during school events, and especially when students are affected by that conduct. These are the factors that must be considered when evaluating the release of the requested employee evaluation/job performance records.
You should be aware of one other basis for withholding records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian determines factually that any information in the requested personnel file meets the three prongs of test laid out by theMcCambridge court, he or she must then consider whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information about the situation that is available to the custodian. It should be noted that it is extremely difficult to satisfy the requirements that were set forth by the court in McCambridge. The constitutional claim did not prevail in that case, despite the intensely personal nature of some of the records in question. Moreover, with regard to the situation you have described, I reiterate that the public has a particularly acute interest in matters involving public school employees.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General